IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION



| | |
|---|---|
| TYRONE E. PAYNE,<br><br>Plaintiff,<br><br>vs.<br><br>JAMIE MERIFIELD, MONTANA MUNICIPAL INSURANCE AUTHORITY, and JASON MARKS,<br><br>Defendants. | CV 13-00104-M-DWM-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending is Plaintiff Tyrone Payne's Motion to Proceed in Forma Pauperis, proposed Complaint, and Motion for Summary Judgment. The Motion to proceed in forma pauperis will be granted. Defendants are entitled to immunity. This matter should be dismissed and the motion for summary judgment denied.

**I. Motion to Proceed in Forma Pauperis**

Payne submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Payne must pay the statutory $350.00 filing fee. Payne has insufficient funds to pay an initial partial filing fee but will

1

be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Payne will be directed to forward payments from Payne's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II. Statement of the Case**

    **A.    Parties**

Payne is a prisoner proceeding without counsel. He is incarcerated at Crossroads Correctional Center in Shelby, Montana. The named defendants are Jamie Merifield, a detective with the Missoula Police Department; Montana Municipal Insurance, Detective Merifield's insurance authority; and Jason Marks, a Deputy Missoula County Attorney.

    **B. Factual Allegations**

Payne was charged with felony failure to register as a sex offender in Missoula state court. The jury rendered a unanimous verdict of guilty on September 10, 2009. On May 10, 2013, this Court granted Payne's petition for writ of habeas corpus. On May 23, 2013, the State filed notice of its intention to retry Payne. *See* Civil Action No. 11-CV-42-M-DWM.

Before trial, Payne moved to exclude a document from Connecticut which was "concerned in some way with" Payne's registration as a sex offender in Connecticut. (Dkt. 2: Complaint, p. 7). The document was excluded but at trial County Attorney Marks asked Detective Merifield whether Payne was in compliance with Connecticut's registration requirements. Over objection, Detective Merifield was allowed to answer. The State has now conceded that Detective Merifield's testimony violated Payne's Sixth Amendment right to confrontation. Payne contends that he would not have been found guilty but for this testimony.

## III. Prescreening

### A. Standard

Payne is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a

claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Payne*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## B. Analysis

Defendants Merifield and Marks are both entitled to immunity. Witnesses

4

are entitled to absolute immunity from liability for their testimony in earlier proceedings. *Briscoe v. LaHue*, 460 U.S. 325, 345–46 (1983). Witnesses maintain absolute immunity from civil liability even if they committed perjury or conspired to commit perjury. *Id.*; *Paine v. City of Lompoc*, 265 F.3d 975, 981 (9th Cir. 2001). Accordingly, Detective Merifield is entitled to absolute immunity.

Payne sued the Montana Municipal Insurance Authority simply because it provides Detective Merifield insurance coverage. As Detective Merifield is entitled to immunity, the Montana Municipal Insurance Authority will also be recommended for dismissal.

Deputy County Attorney Jason Marks is entitled to absolute prosecutorial immunity. Prosecutorial immunity protects eligible government officials who perform functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "Such immunity applies even if it leaves the genuinely wronged [plaintiff] without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)(en banc). Acts undertaken by a prosecutor "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State," are entitled to the protection of absolute immunity. *Kalina v. Fletcher*, 522 U.S.

118, 126 (1997).

The only allegations against Marks are that he elicited testimony during Payne's criminal trial in violation of Payne's Sixth Amendment rights. The examination and cross examination of witnesses at trial is intimately associated with the judicial phase of the criminal proceedings. As such, Marks is to immunity and should be dismissed.

### C. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provides:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner*

*v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. The finding that Defendants are entitled to immunity is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Payne's Motion to Proceed in Forma Pauperis (Dkt. 1) is granted. The Clerk shall file the Complaint without prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on May 24, 2013.

3. At all times during the pendency of this action, Payne SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the

dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Payne's Motion for Summary Judgment (Dkt. 3) should be denied.

2. Payne's Complaint (Dkt. 1) should be dismissed with prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Payne may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Payne files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Payne from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of May, 2013

_Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge