

AUG 15 2013

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TYRONE EVERETT PAYNE,<br><br>Plaintiff,<br><br>vs.<br><br>JAMIE MERIFIELD, MONTANA MUNICIPAL INSURANCE AUTHORITY, and JASON MARKS,<br><br>Defendants. | CV 13–104–M–DWM<br><br>ORDER |

## I. Background

Plaintiff Tyrone Everett Payne brings this action pursuant to 42 U.S.C. § 1983. In Count I of his Complaint, Mr. Payne contends Missoula Police Detective Jamie Merifield, Deputy Missoula County Attorney Jason Marks, and the Montana Municipal Insurance Authority are civilly liable for eliciting testimony in violation of his Sixth Amendment confrontation right at his criminal trial on charges of failure to register as a sex offender. Mr. Payne interprets this circumstance as a violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution.

As Mr. Payne is a prisoner proceeding *in forma pauperis*, the matter was

referred to Magistrate Judge Lynch for screening pursuant to 28 U.S.C. §§ 1915, 1915A. Judge Lynch issued Findings and Recommendations on Mr. Payne's Complaint and Motion for Summary Judgment on May 24, 2013. Judge Lynch recommends that Mr. Payne's Complaint be dismissed with prejudice. Objections to Judge Lynch's Findings and Recommendations were due June 10, 2013. Mr. Payne timely filed his Objections on May 31, 2013.

When a party objects to any portion of Findings and Recommendations issued by a Magistrate Judge, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981). After reviewing Judge Lynch's Findings and Recommendations and Mr. Payne's Objections to the same, I agree with Judge Lynch's analysis and conclusions. Judge Lynch's Findings and Recommendations are adopted in full.

Mr. Payne was charged in state court in Missoula County with felony failure to register as a sex offender. A jury found him guilty on September 10, 2009. Before his September 2009 trial, Mr. Payne moved to exclude a document from Connecticut that was "concerned in some way with [Mr. Payne's] registration as a sex offender in Connecticut." (Doc. 2 at 7.) The trial court granted Mr. Payne's motion and excluded the document. At trial, Deputy County Attorney Jason Marks

asked Missoula Police Department Detective Jamie Merifield whether Mr. Payne was in compliance with Connecticut's registration requirements. Mr. Payne objected to this line of questioning and the trial court heard off-the-record argument at sidebar. Detective Merifield was allowed to answer, and she stated that "she was told [by an official in Connecticut] that Mr. Payne was not in compliance with his registration duties in Connecticut." (Doc. 2 at 7.) The State conceded that this testimony violated Mr. Payne's Sixth Amendment right to confront a witness. Mr. Payne contends that without this testimony a jury could not have found him guilty.

Mr. Payne filed a petition for writ of *habeas corpus* on March 10, 2011, alleging that the State violated his right of confrontation, that the evidence was insufficient to support the conviction, and that the conviction was obtained in violation of *Lambert v. California*, 355 U.S. 225 (1957) (sex offender registration provisions violate due process when applied to a person who has no actual knowledge of her duty to register). *See* Civil Action No. 11–CV–42–M–DWM, doc. 60 at 1-2. On May 10, 2013, this Court granted Mr. Payne's petition with respect to the Confrontation Clause violation and denied Mr. Payne's two other claims. *See id.* at 2. This Court found that "[t]he constitutional violation had a substantial and injurious effect on the jury's verdict, and a new trial is the

appropriate remedy." *Id.* On May 23, 2013, the State filed a notice of renewed proceedings and retrial in state court.

The following day, Mr. Payne filed this Complaint and Motion for Summary Judgment. The Complaint names as defendants Jamie Merifield, a detective with the Missoula Police Department; Montana Municipal Insurance, the City of Missoula's insurance provider; and Jason Marks, a Deputy Missoula County Attorney. Detective Merifield and Deupty County Attorney Marks were named in their individual capacity. Mr. Payne seeks compensatory damages for wrongful conviction and imprisonment of at least $1,000,000 per year of incarceration, an additional $1,000,000 in compensatory damages for humiliation and emotional distress, and punitive damages. In his brief in support of his Motion for Summary Judgment, Mr. Payne argues that the questions of liability and compensatory damages should be dispensed with on summary judgment and his claim for punitive damages should be scheduled for a jury trial.

## II. Standards

Mr. Payne is a prisoner proceeding *pro se* and *in forma pauperis*, so his Complaint is governed by 28 U.S.C. §§ 1915 & 1915A. In this context, the Court must dismiss the case if any of the following three circumstances are met: the Complaint is frivolous or malicious, the Complaint fails to state a claim upon

which relief may be granted, or the Complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted, in accordance with Rule 12(b)(6), if it fails to satisfy the requirements of Rule 8(a)(2). Rule 8(a)(2) simply requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted this phrase in conjunction with Rule 12(b)(6) to mean that Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

The frivolous standard and the "failure-to-state-a-claim standard of Rule 12(b)(6) . . . were devised to serve distinctive goals, and . . . while the overlap between these two standards is considerable, it does not follow that a complaint which falls afoul of the [latter] standard will invariably fall afoul of the [former]." *Neitzke*, 490 U.S. at 326. In other words, a complaint may be frivolous if it lacks a factual or legal basis, but a complaint fails to state a claim for relief only if its

factual allegations are not plausible. However, the Supreme Court has relaxed pleading standards for *pro se* plaintiffs. "A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted) (citing cf. Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice")).

The third route to mandatory dismissal is under 28 U.S.C. § 1915(e)(2)(B). In this situation, an action is dismissed if it seeks monetary relief against a defendant who entitled to immunity. But this is not really a third possibility at all. Rather, it is a way of establishing that the action is frivolous because it lacks an arguable basis in law. *See Neitzke*, 490 U.S. at 327; *see also Sun v. Forrester*, 939 F.2d 924, 925–926 (11th Cir. 1991); *Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981); *Sullivan v. Ford*, 828 F. Supp. 480, 482 (E.D. Mich. 1993). This rule allowing dismissal because of a defendant's immunity has been applied to absolute judicial immunity, *see Velez v. Hayes*, 346 F. Supp. 2d 57 (S.D.N.Y. 2004), absolute prosecutorial immunity, *see Jakobe v. Jakobe*, 2004 WL 2388369 (N.D. Tex. 2004), and the Eleventh Amendment immunity of state officials acting in their official capacities, *see Spencer v. Doe*, 139 F.3d 107 (2d Cir. 1998).

Magistrate Judge Lynch finds that Defendants Marks and Merifield both are entitled to immunity. Mr. Payne objects to the Findings and Recommendations generally and seeks *de novo* review of arguments he presented in his brief in support of his Motion for Summary Judgment. Mr. Payne argues Defendants Marks and Merifield should be held individually liable for the violations of his constitutional rights. It appears that Mr. Payne intended, therefore, object to the portion of the Findings and Recommendations related to Defendants' immunity, so that portion of the Findings and Recommendations is reviewed *de novo*. 28 U.S.C. § 636(b)(1)(B).

## III. Analysis

### A. Deputy County Attorney Jason Marks is immune from suit, rendering Mr. Payne's Complaint against him frivolous.

Prosecutors are entitled to absolute immunity when their actions are "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), and "done in the course of [their] role as an advocate for the State," *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (internal quotations omitted). They also are entitled to absolute immunity from § 1983 claims. *Imbler*, 424 U.S. at 427. Prosecutorial immunity for the "judicial phase of the criminal process" includes preparations for trial, *Kalina v. Fletcher*,

522 U.S. 118, 126 (1997), and applies "even if it leaves the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty," *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal quotations omitted). But prosecutors are entitled only to qualified immunity "when they perform investigatory or administrative functions, or are essentially functioning as police officers or detectives." *al-Kidd v. Ashcroft*, 580 F.3d 949, 958 (9th Cir. 2009) (reversed on other grounds).

Deputy County Attorney Jason Marks is entitled to immunity against Mr. Mr. Payne's claims brought under 42 U.S.C. § 1983 according to the Supreme Court's holding in *Imbler*. He is entitled to immunity from § 1983 claims by default and under the "intimate association with the judicial phase of the criminal process" test. At Mr. Payne's trial, Deputy County Attorney Marks asked Detective Merifield if Mr. Payne was in compliance with Connecticut's registration requirements. The State has admitted that this question and Detective Merifield's answer violated Mr. Payne's constitutional right of confrontation. Mr. Payne may genuinely feel wronged by this violation, but he is left without redress. A prosecutor's examination of a witness at trial is intimately associated with the judicial phase of the criminal process and Deputy County Attorney Marks is entitled to absolute immunity for the actions about which Mr. Payne complains.

Mr. Payne is seeking monetary relief from a defendant who is immune from such relief. His action is frivolous because it lacks an arguable basis in law, *Neitzke*, 490 U.S. at 325, 327, and his action against Deputy County Attorney Marks is accordingly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

**B. Detective Jamie Merifield is immune from suit, rendering Mr. Payne's Complaint against her frivolous.**

Shortly after deciding *Imbler*, the Supreme Court held that

> the rationale of our prior absolute immunity cases governs the disposition of [cases about witnesses] . . . . The principles set forth in . . . *Imbler v. Pachtman* to protect prosecutors also apply to witnesses, who perform a somewhat different function in the trial process but whose participation in bringing the litigation to a just—or possibly unjust—conclusion is equally indispensable.

*Briscoe v. LaHue*, 460 U.S. 325, 345–346 (1983). Witnesses, including police, are entitled to immunity for their testimony even if they committed perjury. *Paine v. City of Lompoc*, 265 F.3d 975, 981 (9th Cir. 2001) (quoting *Briscoe*, 460 U.S. at 345).

Mr. Payne claims Detective Jamie Merifield is civilly liable to him for presenting testimony at Mr. Payne's trial which violated his constitutional right of confrontation. Detective Merifeld is immune from this claim. The rationale that entitles prosecutors to absolute immunity for their role in criminal trials applies

equally to witnesses.[1] Detective Merifield answered the question put to her by Deputy County Attorney Marks, as allowed by the trial judge. Even if she had perjured herself, Detective Merifield would be entitled to absolute immunity from a § 1983 action for this testimony. Mr. Payne seeks monetary relief from a defendant who is immune from such relief. His action is frivolous because it lacks an arguable basis in law, *Neitzke*, 490 U.S. at 325, 327, and his action against Detective Merifield is accordingly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

### C. Mr. Payne's claim against Defendant Montana Municipal Insurance Authority should be dismissed because it depends on the liability of Defendant Merifield.

The City of Missoula (and through the city, the Missoula Police Department and its individual law enforcement officers) obtain liability coverage from

[1] Mr. Payne filed a Notice of Supplemental Authority on July 3, 2013, challenging Judge Lynch's finding that witnesses are entitled to absolute immunity. Mr. Payne partially quotes this paragraph from *Paine v. City of Lompoc*: "The policy interests that favor eliciting candid evidence at trial cannot be squared with the theory appellants advance here—that witnesses should be absolutely immune from liability not only for own testimony and for helping to prepare the testimony of other witnesses, but also for tampering with documentary or physical evidence or preventing witnesses from coming forward." 265 F.3d 975, 982 (9th Cir. 2001). Mr. Payne seems to be arguing that witnesses are not entitled to absolute immunity for preventing other witnesses from coming forward. Although the State never attempted to get a Connecticut witness to testify about Mr. Payne's sex-offender registration, *State v. Payne*, 248 P.3d 842, 848 (Mont. 2011), there is no evidence that Detective Merifield (the witness) prevented other witnesses from coming forward. There is no reason why she should be an exception to the absolute immunity rule for witnesses.

Montana Municipal Insurance Authority. Detective Merifield is a covered party.[2] The Authority agreed to pay all sums which a covered party "shall become legally obligated to pay" as damages because of bodily injury, personal injury, property damage, or public officials' errors and omissions. (Doc. 5–3 at 3.) The first page of the Memorandum of Liability Coverage states: "[t]he Authority's duty to defend shall arise when the complaint or claim alleges facts which would obligate the Authority to indemnify the insured if the alleged facts were proven." (Doc. 5–3 at 3.) In other words, the Authority's duty to its insured arises only when the insured has a legal duty to a third party. Detective Merifield has no legal duty to Mr. Payne because she is entitled to absolute immunity as a witness. *Briscoe*, 460 U.S. at 345–346; *Paine*, 265 F.3d at 981. If the insured (Detective Merifield) has no duty to Mr. Payne, neither does the Authority. Mr. Payne's action is frivolous because it lacks an arguable basis in law, *Neitzke*, 490 U.S. at 325, 327, and his action against the Montana Municipal Insurance Authority is accordingly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

[2] The Memorandum of Liability Coverage does not name the covered Entity. Mr. Payne maintains in his Statement of Undisputed Fact and elsewhere that Detective Merifield is the covered entity. However, the name of the insurance company and the language of the Memorandum of Liability imply that the insured is a municipality and not an individual. A "covered party" under the policy includes "[a]ny peace officer or law enforcement entity which may render assistance during the Coverage Period upon request of a peace officer or law enforcement organization of the Entity pursuant to applicable law." It is reasonable to interpret this language to mean the City of Missoula is the insured entity and Detective Merifield is a covered party in her capacity as a Detective with the Missoula Police Department.

### D. Mr. Payne cannot bring a § 1983 claim against Deputy County Attorney Jason Marks for a pretrial violation of his Sixth Amendment right of confrontation.

Mr. Payne filed a Motion for Leave to File an Exhibit in support of his Statement of Undisputed Facts. (Doc. 12.) Mr. Payne argued in the Motion that Deputy County Attorney Jason Marks does not enjoy absolute immunity because Deputy County Attorney Marks signed an affidavit as a complaining witness and prosecutors are not entitled to immunity for acting as a witness. Mr. Payne attached his proposed exhibit, an Affidavit and Motion for Leave to File Information signed by Deputy County Attorney Marks. To make a showing of probable cause to file an information, Deputy County Attorney Marks recounted in the affidavit the circumstances that led to Mr. Payne's original arrest, including Detective Merifield's conversation with a Connecticut officer who told her that Mr. Payne was not in compliance with his sexual offender registration requirements. Mr. Payne believes that the inclusion in the affidavit of the Connecticut officer's statement violated his Constitutional right of confrontation. In seeking leave to include this exhibit, Mr. Payne is trying to extend the reach of his § 1983 claim to cover pretrial actions by the prosecutor.

As discussed *supra*, prosecutors are entitled to absolute immunity from § 1983 claims. *Imbler*, 424 U.S. at 427. They also are entitled to absolute

immunity when their actions are "intimately associated with the judicial phase of the criminal process," *Imbler*, 424 U.S. at 430, and "done in the course of [their] role as an advocate for the State," *Buckley*, 509 U.S. at 273. By signing an affidavit delineating probable cause to charge Mr. Payne and by seeking leave to file an information, Deputy County Attorney Marks was acting within the judicial phase of the criminal process and within his role as an advocate for the State. Both § 1983 immunity and prosecutorial immunity protect Deputy County Attorney Marks from Mr. Payne's claim. Even if Deputy County Attorney Marks did not have either type of immunity, Mr. Payne's claim still would run afoul of binding Ninth Circuit precedent.

The success of Mr. Payne's argument that pretrial actions by the prosecutor violated his Constitutional rights depends upon whether the Confrontation Clause applies prior to trial or only at trial. The United States Supreme Court has not spoken clearly about whether the right of confrontation is exclusively a trial right. In *Barber v. Page*, the Court noted that "[t]he right to confrontation is basically a trial right." 390 U.S. 719, 725 (1968). Two years later, in *California v. Green*, the Court similarly reported that "[o]ur own decisions seem to have recognized at an early date that it is this literal right to 'confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause." 399 U.S. 149,

157 (1970). Neither of these cases dealt directly with the applicability of the Confrontation Clause to pretrial proceedings, but the Court's language led later courts to determine that the Confrontation Clause did *not* apply to pretrial hearings. In 1987, the Court specifically addressed the right of confrontation as a trial right:

> The opinions of this Court show that the right to confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination . . . . The ability to question adverse witnesses, however, does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony.

*Pennsylvania v. Ritchie*, 480 U.S. 39, 52–53 (1987) (plurality opinion) (emphasis in original). However, the *Ritchie* opinion was a plurality opinion. Justice Blackmun wrote a concurring opinion because he did "not accept the plurality's conclusion . . . that the Confrontation Clause protects only a defendant's trial rights and has no relevance to pretrial discovery." In Justice Blackmun's view, "there might well be a confrontation violation if . . . a defendant is denied pretrial access to information that would make possible effective cross-examination of a crucial prosecution witness." *Id.* at 61-62 (Blackmun, J., concurring in part and concurring in the judgment). Justice Brennan, joined by Justice Marshall, wrote a

dissent "to challenge the Court's narrow reading of the Confrontation Clause as applicable only to events that occur at trial." *Id.* at 66 (Brennan & Marshall, JJ., dissenting). The Supreme Court has ruled on Confrontation Clause issues several times since *Ritchie*, most notably in *Crawford v. Washington* in 2004[3], but the Court still has not affirmatively stated in a majority opinion whether the right of confrontation exists prior to trial.

The Ninth Circuit took the following view when it heard its first case on the issue of a pretrial right of confrontation: "[t]he United States Supreme Court has repeatedly stated that the right to confrontation is basically a trial right . . . [and] *Crawford* does not affect the reasoning of . . . the Supreme Court cases holding that the Confrontation Clause is primarily a trial right." *Peterson v. California*, 604 F.3d 1166, 1169, 1170 (9th Cir. 2010). The Ninth Circuit concluded in *Peterson* that the admission of hearsay statements at a preliminary hearing does not violate the Sixth Amendment, *id.* at 1170, and Ninth Circuit precedent is binding on this Court. By extension, *Peterson* supports the conclusion that an accused does not enjoy the confrontation right for statements made in a prosecutor's pretrial affidavit.

Section 1983 claims are civil actions for the deprivation of constitutional

---

[3] The Court in *Crawford* dealt mostly with the admissibility of hearsay at trial. 541 U.S. 36 (2004).

rights. 42 U.S.C. § 1983. A prerequisite for a successful § 1983 claim, then, is the existence and applicability of a constitutional right at the time of the alleged violation. The Ninth Circuit has interpreted Supreme Court precedent to mean that the Sixth Amendment right of confrontation is a *trial* right. Mr. Payne did not have a confrontation right when Deputy County Attorney Marks moved for leave to file an information against him. Thus, Mr. Payne has no grounds on which to bring a claim for civil damages against Deputy County Attorney Marks for his pretrial conduct. And even if Mr. Payne did have grounds to bring this particular § 1983 claim, Deputy County Attorney Marks is entitled to absolute prosecutorial immunity. Accordingly, Mr. Payne's Motion for Leave to File an Exhibit is denied.

## IV. Conclusion

An *in forma pauperis* Complaint is frivolous if it lacks an arguable basis in law or fact. A frivolous Complaint must be dismissed by the Court. Mr. Payne is seeking monetary relief from two defendants who are entitled to absolute immunity—Deputy County Attorney Marks because he is a prosecutor, and Detective Merifield because she is a witness. The third named Defendant, Montana Municipal Insurance Authority, is an insurance company with liability dependent upon the liability of its insured, Detective Merifield. No Defendant can

be liable to Mr. Payne, so his Complaint against them lacks an arguable basis in law and is frivolous. In accordance with the foregoing,

IT IS ORDERED that Judge Lynch's Findings and Recommendations (doc. 7) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Mr. Payne's Motion for Summary Judgment (doc. 3) is DENIED.

IT IS FURTHER ORDERED that Mr. Payne's Motion for Leave to File Exhibit (doc. 12) is DENIED.

IT IS FURTHER ORDERED that Mr. Payne's Motion to Expedite Summary Judgment (doc. 15) is DENIED as MOOT.

IT IS FURTHER ORDERED that Mr. Payne's Motion for Sanctions (doc. 16) is DENIED as it depends on the success of the claims in Mr. Payne's Complaint.

IT IS FURTHER ORDERED that Mr. Payne's Complaint, brought pursuant to 42 U.S.C. § 1983, is DISMISSED WITH PREJUDICE. The Clerk of Court shall close this case and enter judgment in favor of Defendants by a separate document, pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the docket shall reflect the Court's certification pursuant to Fed.R.App.P. 24 (a)(3)(A) that any appeal of this decision

would not be taken in good faith. The record is plain that Mr. Payne's Complaint lacks arguable substance in law or fact.

DATED this 15th day of August, 2013.

Donald W. Molloy, District Judge
United States District Court