IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

FILED
SEP 03 2013
Clerk, U.S District Court
District Of Montana
Missoula

| TYRONE E. PAYNE, | CV 13-00104-M-DWM |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| JAMIE MERIFIELD, MONTANA MUNICIPAL INSURANCE AUTHORITY, and JASON MARKS, | |
| Defendants. | |

Plaintiff Tyrone Payne, a state inmate proceeding without counsel, has filed a Motion to Open Judgment and Reconsider (Dkt. 19), a Motion for Leave to Conventionally File Additional Exhibits (Dkt. 20), a Notice of Criminal Dismissal with Prejudice (Dkt. 21), and an Additional Motion for New Determination (Dkt. 22).

A final Order has been issued in this case, therefore, the Court construes Payne's motions as being filed pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Mr. Payne's motions were timely filed within 28 days of entry of judgment.

-1-

Under Rule 59(e), a district court may, in its discretion, alter or amend a judgment if "the district court committed clear error or made an initial decision that was manifestly unjust." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.' " *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)(en banc) *quoting 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)(citation omitted). Federal district courts enjoy broad discretion to amend or refuse to amend judgments under Rule 59(e). *McDowell*, 197 F.3d at 1256 (citation omitted).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered before the time to move for a new trial under Rule 59; (3) fraud by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief. Fed.R.Civ.P. 60(b). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. *Twentieth Century--Fox Film*

*Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Dunnahoo*, 637 F.2d at 1341.

Mr. Payne argues mistake, new evidence, and fraud but in reality the only new detail in this case is that the charges against Mr. Payne have now been dismissed. The dismissal of the charges against Mr. Payne does not change the analysis in this case. Defendants were dismissed from this action because they are entitled to immunity with regard to their actions in the courtroom (whether it be Ms. Merifield's testimony as a witness or Mr. Marks's actions as a prosecutor).

Aside from the dismissal of the criminal charges against Mr. Payne, there are no new arguments or evidence presented in Mr. Payne's motions. Mr. Payne simply reargues points raised in his prior filings. He has not demonstrated that the Court committed clear error in its ruling, there has been no change in the law, and none of the reasons set forth in Rule 60(b) are applicable. The Court's Order dismissing this case stands. This case is closed and no further motions for reconsideration will be considered.

IT IS HEREBY ORDERED that Mr. Payne's Motion to Open Judgment and Reconsider (Dkt. 19) and Additional Motion for a New Determination (Dkt. 22)

are DENIED.

IT IS FURTHER ORDERED that Mr. Payne's Motion for Leave to Conventionally File Additional Exhibits (Dkt. 20) is GRANTED.

Dated this 3rd day of September, 2013.

Donald W. Molloy, District Judge
United States District Court